# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

SAUNDRA KAYE MORRISON,

        Plaintiff,

v.                              CIVIL ACTION NO. 3:16-3813

HOBBY LOBBY STORES, INC.,
SCHOTTENSTEIN PROPERTY GROUP, LLC. and
SSC BARBOURSVILLE LLC,

        Defendants and
        Third-Party Plaintiffs,

v.

PAVEMENT MAINTENANCE CONTRACTORS, INC.,

        Third-Party Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Hobby Lobby Stores, Inc.'s Motion for Summary Judgment. ECF No. 70. On this day, the Court held a hearing on the motion and, for the following reasons, **GRANTS** the motion.

In this case, Plaintiff Saundra Kaye Morrison alleges she slipped on ice and fell in a shopping center parking lot outside of the Hobby Lobby store located in Barboursville, West Virginia. The parties do not dispute that the alleged fall occurred in the common area of the shopping center that serves multiple tenants. It further is undisputed that Hobby Lobby and SSC Barboursville, LLC are parties to a lease agreement wherein the parking lot adjacent to the shopping center is defined as a "Common Area" to be solely maintained and controlled by SSC

Barboursville. The lease expressly provides that the "Common Area" includes "parking areas" and "[t]he Landlord agrees to maintain in good condition the Common Area of the Landlord's Center . . . . including snow and ice removal[.]" *Hobby Lobby Creative Center, Sublease Agreement*, at 7 ¶7, ECF No. 70-2.

As a result of the lease, Hobby Lobby argues it is entitled to summary judgment based upon the West Virginia Supreme Court's holding in *Durm v. Heck's, Inc.*, 401 S.E.2d 908 (W. Va. 1991). In Syllabus Point 1, the West Virginia Supreme Court held:

> Where a lease agreement clearly sets forth that the lessor has the duty to maintain the non-leased common areas, thereby retaining the lessor's control over such areas, the lessee of a store located in a shopping center is not liable when a patron sustains injuries as a result of an accident which occurs on the non-leased common area.

*Id.*, at Syl. Pt. 1. Although Plaintiff attempts to argue this syllabus point does not apply to her because Hobby Lobby owed her a duty pursuant to *Andrick v. Town of Buckhannon*, 421 S.E.2d 247 (W. Va. 1992), the Court is not persuaded.

The West Virginia Supreme Court distinguished *Andrick* from *Durm* by finding the lease in *Andrick* did not designate the parking lot at issue as a "common area," nor did the lease establish that the landlord had the duty to maintain the lot, "as did the lease in *Durm*." *Andrick*, 421 S.E.2d at 250. In addition, the West Virginia Supreme Court recognized in *Andrick* that all the common use cases it cited "involved situations in which an area of the demised premises which was not included in the tenant's leasehold was used by multiple tenants and/or the public in

general," which was not the case in *Andrick*. Given that the facts of this case are directly in line with *Durm*, not *Andrick*, the Court **GRANTS** Hobby Lobby's Motion for Summary Judgment.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: January 22, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE